Philip A. Goldstein
MCGUIREWOODS LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020-1104
(212) 548-2167
pagoldstein@mcguirewoods.com
*Attorney for Defendant Portfolio Recovery Associates, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEIR WOLKENFELD, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PORTFOLIO RECOVERY ASSOCIATES, LLC, <br><br> Defendant. | Civil Action No. 1:22-cv-1156 <br><br> (Removed from the Supreme Court of the State of New York, County of Kings; Index No.: 503709/2022) <br><br> **NOTICE OF REMOVAL** |

**TO THE CLERK OF COURT:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Portfolio Recovery Associates, LLC ("Defendant"), by and through its undersigned counsel, hereby removes the above-entitled action from the Supreme Court of the State of New York, County of Kings, to the United States District Court for the Eastern District of New York, on the grounds of federal question jurisdiction. In support of its Notice of Removal, and in accordance with 28 U.S.C. § 1446, Defendant avers as follows:

**I.    PLEADINGS AND FILINGS IN STATE COURT ACTION**

1.    On or about February 7, 2022, Plaintiff Meir Wolkenfeld ("Plaintiff") filed a Class Action Complaint ("Complaint") in the Supreme Court of the State of New York, County of Kings, captioned *Meir Wolkenfeld, individually and on behalf of all others similarly situated v. Portfolio Recovery Associates, LLC*, bearing index number 503709/2022 (the "State Court Action").

Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendant are attached hereto as **Exhibit A**.

## II.     TIMELINESS OF REMOVAL

2.     The removal of this action to this Court is timely because Plaintiff served Defendant with process on February 11, 2022.

3.     Defendant has not filed any responsive pleading in the State Court Action.

4.     Pursuant to 28 U.S.C. § 1446(b), the Notice of Removal is to be filed within thirty days of receipt "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"

5.     Defendant has filed this Notice of Removal within 30 days of the first date upon which it was served with any paper giving it knowledge that the action was removable, i.e., the Complaint.

## III.    NATURE OF THE ACTION

6.     Plaintiff's Complaint asserts claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") arising from a disclosure regarding the statute of limitations on Plaintiff's Barclays Bank credit card account contained in a collection letter Defendant sent to Plaintiff.  *See* Complaint ¶¶ 45–54 (Counts I and II); Exhibit A to Complaint at 1–2.

## IV.    REMOVAL JURISDICTION

7.     Article III of the Constitution vests federal courts with the authority to hear "all cases, in Law and Equity, arising under th[e] Constitution [or] the Laws of the United States." U.S. Const. Art. III, § 2.  Further, 28 U.S.C. § 1331 vests federal district courts with subject matter jurisdiction over cases involving questions of federal law: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  As such, this Court has jurisdiction over any claim presenting a federal question.

8. Plaintiff's Complaint asserts claims based on violations of a federal statute—the FDCPA—meaning the claims "arise under" the laws of the United States. Accordingly, this Court has original subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331. *See, e.g., Gallego v. Northland Group Inc.*, 814 F. 3d 123, 128 (2d Cir. 2016) (holding plaintiff's "FDCPA claims meet the very low threshold required to support federal-question jurisdiction, despite their ultimate lack of merit"); *Doherty v. Citibank (South Dakota) N.A.*, 375 F. Supp. 2d 158, 160–61 (E.D.N.Y. 2005) (holding removal was proper because claims under the FDCPA provide federal question jurisdiction).

9. Additionally, Plaintiff alleges that he was concretely harmed by Defendant's alleged violation of the FDCPA and, for purposes of removal, Plaintiff's allegations are accepted as true. *See Jamie H. Bassel, D.C., P.C. v. Aetna Health & Life Ins. Co.*, No. 20-CV-1134, 2021 WL 4205182, at *1 (E.D.N.Y. Mar. 18, 2021). Plaintiff alleges that Defendant's alleged statutory violations caused Plaintiff to "expend[ ] time and money in determining the proper course of action," "caused Plaintiff to suffer concrete and particularized harm," "affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts," and "confused and misled" Plaintiff "to his detriment," and prevented him from pursuing "a different course of action." Complaint ¶¶ 37, 40–44. Thus, the face of the Complaint alleges what the Supreme Court has recognized as concrete injuries for Article III standing under *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021) ("Only those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court.").

10. Therefore, this action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1446(b) on the grounds that this Court has original jurisdiction over the claims arising under federal law.

## V. **VENUE**

11. The United States District Court for the Eastern District of New York is the proper venue for this action because it is the federal district court that embraces the Supreme Court of the State of New York, County of Kings, the forum in which the original action was filed and is pending. *See* 28 U.S.C. §§ 112(c), 1441(a), and 1446(a).

## VI. **NOTICE**

12. In accordance with 28 U.S.C. § 1446(d), concurrent with filing this Notice of Removal, Defendant will file a copy of the Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of Kings, and will attach a copy of this Notice of Removal thereto. A copy of the Notice to State Court and Adverse Parties of Filing of Notice of Removal to Federal Court is attached hereto as **Exhibit B**.

## VII. **MISCELLANEOUS**

13. This action has not previously been removed to federal court.

14. By filing this Notice of Removal, Defendant does not waive any defenses either procedural or substantive, that may be available to it, including, but not limited to, its right to contest *in personam* jurisdiction, improper service of process or the absence of venue in this Court or in the court from which the action has been removed.

15. Defendant expressly reserves and does not waive its right to amend this Notice of Removal and/or offer evidence supporting the Court's jurisdiction over this action.

WHEREFORE, Defendant removes the State Court Action from the Supreme Court of the State of New York, County of Kings, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

Dated: New York, New York  **McGuireWoods LLP**
March 3, 2022

By: */s/ Philip A. Goldstein*
Philip A. Goldstein
McGuireWoods LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020-1104
Phone: (212) 548-2167
Fax: (212) 548-2150
pagoldstein@mcguirewoods.com

*Attorney for Portfolio Recovery Associates, LLC*