UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
MEIR WOLKENFELD, individually and on
behalf of all other similarly situated,

                 Plaintiff,               **MEMORANDUM & ORDER**
                                        22-CV-1156 (PKC) (CLP)

      - against -

PORTFOLIO   RECOVERY   ASSOCIATES,
LLC,

                 Defendant.
--------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

      Plaintiff Meir Wolkenfeld filed this putative class action in New York state court on

February 7, 2022, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692

*et seq*. ("FDCPA").  Defendant Portfolio Recovery Associates, LLC removed the case to this Court

on March 3, 2022.  On March 22, 2022, this Court ordered Defendant to show cause why this case

should not be remanded to state court because Plaintiff had not alleged an injury-in-fact sufficient

to establish federal jurisdiction.  Defendant has responded to the order to show cause, and Plaintiff

has replied.  For the reasons explained below, this case is remanded to New York state court.

## FACTUAL BACKGROUND[1]

      On September 3, 2021, Defendant sent Plaintiff a letter responding to Plaintiff's dispute

over an alleged "obligation to non-party Barclays Bank Delaware" ("Barclays") amounting to

$2,301.88.   (Compl., Dkt. 1, Ex. A, ¶¶ 20–30.)   The letter and "enclosed additional

correspondence" stated that "the statute of limitations [had] expired on the alleged debt and

Plaintiff could no longer be sued," and that "Barclays charged off the debt and sold the same to

---

[1] The following facts are drawn from Plaintiff's Complaint.

Defendant as of September 29, 2018, less than three years prior to the sending of the letter." (*Id.* ¶¶ 27–29.) The "additional correspondence" enclosed with the letter also "show[ed] that a payment was due from [Plaintiff] on September 28, 2018, which if not paid would represent the most recent date of default by [Plaintiff]." (*Id.* ¶ 30.)

According to Plaintiff, Defendant's actions were "deceptive, misleading, and false debt collection practices" (*id.* ¶ 44), which caused Plaintiff to "suffer[] emotional harm" (*id.* ¶ 38). Plaintiff alleges that he "was concerned and confused by the [l]etter," was "unable to evaluate his options of how to handle this debt," and "expended time and money in determining the proper course of action." (*Id.* ¶¶ 35–37.) Plaintiff further alleges that he "was confused and misled to his detriment by the statements in the [l]etter, and relied on the contents of the [l]etter to his detriment" because he "would have pursued a different course of action were it not for Defendant's statutory violations." (*Id.* ¶¶ 42–43.) Plaintiff seeks "actual damages, statutory damages, costs, and attorneys' fees." (*Id.* ¶ 54.)

## PROCEDURAL HISTORY

On March 3, 2022, Defendant removed Plaintiff's case to federal court. (Notice of Removal, Dkt. 1.) On March 22, 2022, the Court issued an order directing Defendant to show cause why the case should not be remanded to state court for lack of subject matter jurisdiction in light of *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021), which "established that, even where a defendant's conduct is prohibited by statute, a plaintiff may not have standing to sue in federal court if the plaintiff has not suffered an injury in fact." (03/22/2022 Order to Show Cause.) As this Court explained, "[s]ince *TransUnion*, courts in this circuit have applied that principle to the types of facts alleged here, and found that plaintiffs had not suffered injuries in fact" and thus the courts did not have jurisdiction. (*Id.*) On April 5, 2022, and April 8, 2022, the parties filed their respective responses to the Court's show cause order. (Dkts. 9, 10.) Defendant argues that

Plaintiff has alleged sufficient injury-in-fact to demonstrate standing in federal court.  (Dkt. 9.)  Plaintiff disagrees, and thus argues that the matter belongs in state court, where he[2] filed it.  (Dkt. 10.)

## LEGAL STANDARD

"It is a fundamental precept that federal courts are courts of limited jurisdiction."  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  Article III of the Constitution "confines the federal judicial power to . . . 'Cases' and 'Controversies.'"  *TransUnion*, 141 S. Ct. at 2203.  A case or controversy exists only where a plaintiff has suffered "an injury in fact that is concrete, particularized, and actual or imminent."  *Id.*  Where a plaintiff lacks an injury-in-fact, the plaintiff lacks standing, and federal courts lack jurisdiction to entertain their claims.  *Id.*

Prior to *TransUnion*, many courts assumed that, when Congress created a statutory cause of action, a violation of that statute was sufficient to create an injury-in-fact for purposes of establishing Article III standing.  *See Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 81 (2d Cir. 2018).  In *TransUnion*, however, the Supreme Court made clear that, while "Congress may create causes of action for plaintiffs to sue defendants[,] under Article III, an injury in law is not an injury in fact.  Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court."  *TransUnion*, 141 S. Ct. at 2205.

A harm qualifies as "concrete" where it bears "a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts," such as "physical and monetary harms, along with other traditional tangible harms, [as well as] certain intangible

---

[2] The Court notes that there are discrepancies across Plaintiff's and Defendant's papers as to whether Plaintiff uses "he" or "she" pronouns.  For this Order, the Court uses "he" pronouns because "he" is used more often in the Complaint.

harms, such as reputational harm." *Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58, 63 (2d Cir. 2021) (quoting *TransUnion*, 141 S. Ct. at 2204). "No concrete harm, no standing," and thus no federal court jurisdiction. *TransUnion*, 141 S. Ct. at 2200. Furthermore, "the party invoking federal jurisdiction"—here, Defendant—"bears the burden of demonstrating . . . standing." *TransUnion*, 141 S. Ct. at 2207.

## DISCUSSION

The Court finds that Plaintiff lacks standing to pursue his claims in federal court, and thus this Court lacks jurisdiction over this action. First, while Plaintiff alleges that he "suffered emotional harm due to Defendant's improper acts" (Compl., Dkt. 1, Ex. A, ¶ 38), "[a] perfunctory allegation of emotional distress . . . is insufficient to plausibly allege constitutional standing." *Maddox*, 19 F.4th at 66. Here, Plaintiff simply does not "plead enough facts to make it plausible that [he] did indeed suffer the sort of injury that would entitle [him] to relief." *Id.* at 65–66 (quoting *Harry v. Total Gas & Power N. Am., Inc.*, 889 F.3d 104, 110 (2d Cir. 2018)); *see also Zlotnick v. Equifax Info. Servs., LLC*, No. 21-CV-7089 (GRB) (JMW), 2022 WL 351996, at *2 (E.D.N.Y. Feb. 3, 2022) (finding that plaintiff's "conclusory assertions [of mental and emotional pain] do not confer standing." (internal quotation marks omitted)).

Second, although Plaintiff alleges that he "was concerned and confused by the [l]etter," "was unable to evaluate his options of how to handle this debt," and "expended time and money in determining the proper course of action" (Compl., Dkt. 1, Ex. A, ¶¶ 35–37), those allegations in themselves also do not constitute concrete injury. *Cavazzini v. MRS Assocs.*, No. 21-CV-5087 (ARR) (ST), 2021 WL 5770273, at *7 (E.D.N.Y. Dec. 6, 2021) (collecting cases) ("Multiple courts have found alleged confusion to be insufficient for standing in the FDCPA context."). These types of alleged injuries—spending time and money because of mere concern and confusion—are not sufficiently concrete unless they are "'inextricably bound up in a cognizable injury,' such as where

4

a plaintiff faces *a sufficient risk of harm*[,] *and then* spends time, money, and effort mitigating that risk." *Pollak v. Portfolio Recovery Assocs.*, *LLC*, No. 21-CV-6738 (PKC) (RML), 2022 WL 580946, at *1 (E.D.N.Y. Feb. 24, 2022) (emphases added) (quoting *Cavazzini*, 2021 WL 5770273, at *7). Furthermore, Plaintiff's bald demand for monetary damages is insufficient to establish standing. *Campbell v. Portfolio Recovery Assocs., LLC*, No. 21-CV-1322 (PKC) (RML), 2022 WL 657225, at *1 (E.D.N.Y. Mar. 4, 2022) ("[A]lthough monetary harms can traditionally confer standing, a mere request for damages, based on a procedural statutory violation and without factual allegations that confer standing, is not enough." (internal quotation marks omitted)).

Third, regarding Plaintiff's allegations that he "was confused and misled to his detriment by the statements in the [l]etter, and relied on the contents of the [l]etter to his detriment" (Compl., Dkt. 1, Ex. A, ¶¶ 42–43), these appear to suggest a harm akin to that involved in fraudulent or negligent misrepresentation—both of which require some form of reliance—and thus hint at "a 'close relationship' to a harm traditionally recognized as providing a basis for a lawsuit in American courts," as required by *TransUnion*, 141 S. Ct. at 2200. However, as the Court noted in its Order to Show Cause, Plaintiff's Complaint is devoid of the type of specific factual allegations that would allow the Court to assume that Plaintiff actually relied on Defendant's representation to his own detriment, and thus these allegations also fail to establish standing. (*See* 03/22/2022 Order to Show Cause ("Plaintiff provides no facts about whether he attempted to or could pay the debt, or what 'different course of action,' he would have pursued 'were it not for Defendant's statutory violations.'")); *Maddox*, 19 F.4th at 65–66 (a plaintiff must "plead enough facts to make it plausible that [he] did indeed suffer the sort of injury that would entitle [him] to relief"); *Kola v. Forster & Garbus LLP*, No. 19-CV-10496 (CS), 2021 WL 4135153, at *7 (S.D.N.Y. Sept. 10, 2021) ("[M]erely receiving a letter from a debt collector that was confusing or misleading as to

the amount owed does not demonstrate a harm closely related to fraudulent or negligent misrepresentation—both of which require some form of reliance—where the recipient's financial condition made the amount of money owed irrelevant."); *Ciccone v. Cavalry Portfolio Servs., LLC*, No. 21-CV-2428 (JS) (JMW), 2021 WL 5591725, at *5 (E.D.N.Y. Nov. 29, 2021) ("Plaintiff does not allege . . . that he relied on [the wording] to his detriment in any way, or that he would have availed himself to the discount had the wording been clearer.").[3]

Defendant argues that, at the pleading stage, the Court must accept that Plaintiff "did *something* different than he otherwise would have and that he incurred injuries in the process." (Dkt. 9, at 2.)  Defendant is incorrect, and flatly ignores the Second Circuit's instruction that a plaintiff "must plead enough facts to make it plausible that they did indeed suffer the sort of injury that would entitle them to relief." *Maddox*, 19 F.4th at 65–66.

In the same vein, Defendant argues that the Court should direct Plaintiff to explain what he did in response to [Defendant]'s statement and why that constitutes a 'concrete and particularized injury.'"  (Dkt. 9, at 3.)  In support of that argument, Defendant relies on *Romano v. Kazacos*, 609 F.3d 512 (2d Cir. 2010).  In *Romano*, the Second Circuit discussed the "artful pleading rule," which allows courts to "look beyond the face of an artfully ple[aded] complaint to determine whether plaintiff has clothed a federal law claim in state garb by pleading state law claims that actually arise under federal law."  *Romano*, 609 F.3d at 519 (internal quotation marks omitted).  The

---

[3] Defendant cites three cases for the proposition that, without more, "taking affirmative injurious steps in response to a communication satisfies Article III's standing requirements."  (Dkt. 9, at 2.)  This proposition is no longer true under *TransUnion*.  As already explained, affirmative injurious steps do not satisfy Article III's standing requirements unless they are "inextricably bound up in a cognizable injury."  *Pollak*, 2022 WL 580946, at *1 (internal quotation marks omitted).  As noted in the 03/22/2022 Order to Show Cause, Plaintiff has not pleaded sufficient facts amounting to a cognizable injury.  (*See* 03/22/2022 Order to Show Cause.)

question here, however, is not whether the claim arises under federal law, but whether Plaintiff has suffered an injury-in-fact sufficient to confer jurisdiction on this Court.[4]

Accordingly, because Plaintiff has not alleged any concrete injury and does not have Article III standing, the Court lacks subject matter jurisdiction over this matter, and it must be remanded to state court.  28 U.S.C. § 1447(c) ("In any case removed from a state court," "[i]f at any time before final judgment[,] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## CONCLUSION

For the reasons explained above, this case is remanded to the Supreme Court of the State of New York, County of Kings, under docket number 503709/2022.

---

[4] Furthermore, the "artful pleading rule" applies only if "Congress has either (1) so completely preempted, or entirely substituted, a federal law cause of action for a state one that plaintiff cannot avoid removal by declining to plead necessary federal questions, or (2) expressly provided for the removal of particular actions asserting state law claims in state court." *Romano*, 609 F.3d at 519 (internal quotation marks omitted).  Neither applies here.  The FDCPA does not completely preempt state law claims, 15 U.S.C. § 1692n, and Congress has not provided for the removal of any relevant state law claim.  As noted, the dispute here has nothing to do with what Congress has proscribed, but with how the Supreme Court has interpreted Article III of the Constitution.  *TransUnion*, 141 S. Ct. at 2205 ("[A]n important difference exists between (i) a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of federal law, and (ii) a plaintiff's suffering concrete harm because of the defendant's violation of federal law.").  In addition, *Romano* deals with the pleading requirements specifically for the Securities Litigation Uniform Standards Act, which is not at issue here.  *Romano*, 609 F.3d at 520–21.

The Court notes that numerous federal courts in this circuit have concluded that cases such as this one—which allege a violation of federal law but do not allege a sufficient injury-in-fact for federal jurisdiction—may be litigated in New York state court.  *See Cavazzini*, 2021 WL 5770273 at 8*; *Pollak*, 2022 WL 580946, at *2; *Williams v. Portfolio Recovery Assocs., LLC*, No. 21-CV-5656 (DRH), 2022 WL 256510, at *4 (E.D.N.Y. Jan. 27, 2022).  Defendant's argument that Plaintiff lacks standing in state court is a question for the Supreme Court of Kings County, not this Court.

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: April 14, 2022
         Brooklyn, New York